[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Daniel and Melissa Evilsizor appeal from a determination by the trial court that J. Harvey Crow's judgment against them is not dormant. The Evilsizors' single assignment of error is framed as follows:
 THE JUDGMENT AGAINST THE DEFENDANT, DANIEL EVILSIZOR, WAS DORMANT AND COULD NOT BE THE BASIS OF AN ORDER OF SALE OR PRAECIPE FOR GENERAL EXECUTION OF ANY AND ALL PERSONAL PROPERTY.
The procedural history of this case is as follows:
6-20-1989 Buckeye Federal Savings Loan Association, as successor to Home Savings Bank, filed a "complaint for foreclosure of note and mortgage" against the Evilsizors. Crow was joined as a defendant-creditor of the Evilsizors.
12-4-1989 Buckeye filed an amended complaint naming additional creditors.
2-2-1990 The Evilsizors answered the amended complaint.
3-21-1990 Crow filed an answer and cross claim against Daniel Evilsizor, claiming to be a creditor of Evilsizor by virtue of having acquired the interests of two of Evilsizors' judgment creditors.
6-14-1990 The trial court journalized proceedings occurring the previous day which were attended by Melissa Evilsizor and Crow, but not Daniel Evilsizor:
. . . an agreed disposition was reached for the case and that disposition was placed on record. The agreement is set forth as follows:
 1. Defendant Mrs. Evilsizor agrees that the arrearage on financial obligation of Defendants Evilsizor to Plaintiff Buckeye is $66,659.58.
 2. Defendant Melissa Evilsizor agrees that the mortgage of the Plaintiff is a valid lien in the present case.
 3. At the request of Plaintiff and without objection by any of the parties, Plaintiff was granted a default judgment against Defendant Daniel E. Evilsizor for the amount mentioned above. Defendant Daniel E. Evilsizor failed to appear for this trial, and Defendant Daniel Evilsizor had notice of the trial.
 4. Defendant J. Harvey Crow did not object to any of the agreements stated so far.
 5. Defendant Crow is granted 60 days from the date of this hearing to acquire the Plaintiff's position in this case by payment of the sum of $35,000 to Plaintiff. If Defendant Crow does timely provide the money as agreed, then the Court will be contacting Defendant Crow to determine what future steps will take place in the case.
 6. If Defendant Crow does not timely provide the money then Plaintiff has a judgment against Defendants Evilsizor in foreclosure and may proceed, subject to disposition of the Allied claim and its related bankruptcy status.
 7. All parties agree that Plaintiff as a result of this court action is obtaining the right to foreclosure against Defendant.
* * *
 For administrative, the case is placed on the inactive docket and the Court will review the case status on or about August 17, 1990. Counsel agreed to keep the Court advised as to developments between Defendant Crow and the Plaintiff.
8-14-1990 The trial court journalized the assignment of Buckeye's rights "in and to the judgment(s) rendered or to be rendered against" the Evilsizors to Crow, based upon an agreement executed by Buckeye and Crow. Crow was substituted for Buckeye as plaintiff.
8-22-1990 Crow moved for judgment against the Evilsizors for taxes he had paid on the Evilsizors' real estate, the arrearage on their note to Buckeye, and for amounts paid to two judgment creditors of the Evilsizors.
11-15-1991 A judgment entry was filed wherein judgment was entered against the Evilsizors and in favor of Crow on the amount of $70,555.96, with interest from June 13, 1990. The Evilsizors signed this judgment entry. It is clear upon examination that this judgment was for money only. The trial court personally struck all references in the judgment entry to its being a lien upon the real estate described in Buckeye's complaint for foreclosure. The trial court also added in its own handwriting: "The case is now complete for administrative purposes. Any post judgment relief, including foreclosure, will be by post judgment motion."
2-6-1996 Crow filed praecipes seeking an order of sale of the Evilsizors' real estate located on East Lawn Ave. in Urbana and for execution upon the Evilsizors' personal property, based on the November 15, 1991 judgment. (The East Lawn Avenue real estate was the same real estate covered by the Evilsizors' mortgage to Home Savings.)
3-8-1996 The Evilsizors, now represented by counsel for the first time in these proceedings, moved "to vacate the default judgment . . . pursuant to Civ.R. 60(B)(3), on the grounds that the judgment was obtained by fraud, misrepresentation, and/or misconduct of . . . Crow." The Evilsizors also claimed the judgment was dormant. Daniel Evilsizor's affidavit in support of the motion was directed to the Civ.R. 60(B)(3) issue.
7-10-1996 The trial court ruled that the November 15, 1991 judgment was not dormant when Crow sought to enforce the judgments February 2, 1996. The court further ruled that Civ.R. 60(B) relief was not available.
7-30-1996 The Evilsizors moved that the court declare its July 10, 1996 journal entry a final appealable order.
1-12-1998 The trial court sustains the motion and declares the July 10, 1996 journal entry to be a final appealable order.
2-11-1998 The Evilsizors file their notice of appeal from the July 10, 1996 journal entry.
* * *
On appeal, the Evilsizors have abandoned their claim that they were entitled to Civ.R. 60(B) relief on account of misconduct by Crow. Their sole contention is that, as Buckeye's assignee, Crow's judgment dates back to June 14, 1990, and is thus dormant for want of execution within five years of that date. See R.C.2329.07.
We agree with Crow that the Evilsizors' notice of appeal was untimely. This is not a Civ.R. 54(B) situation. Whether the trial court's July 10, 1996 ruling on dormancy was a final appealable order was not dependent upon how the trial court eventually chose to characterize it. The July 10, 1996 ruling was, as of that date, either final or not final. If final, the time for filing a notice of appeal ran from that date. For the reasons that follow, we conclude that the July 10, 1996 ruling was a final appealable order.
Assuming arguendo that we had jurisdiction to reach the merits of this appeal, we would agree with the trial court that the judgment Crow seeks to enforce is not dormant. It is clear that the proceedings of June 13, 1990 — as journalized June 14, 1990 — were not a complete resolution of the case. By contrast, the November 15, 1991 judgment, which was a judgment for money only, disposed of the claims of the parties still in the case as of that time. The November 15, 1991 judgment was the final judgment in this case, and Crow sought to enforce it before it became dormant, i.e., within five years of November 15, 1991. The July 10, 1996 ruling, as pertains to this appeal, only determined that this money judgment was not dormant. After this ruling, nothing remained standing between the money judgment and execution upon the judgment. Hence, the July 10, 1996 ruling was a final appealable order as of that date. The Evilsizors' notice of appeal filed February 11, 1998 was thus untimely.
This appeal will be dismissed.
GRADY, P.J. and YOUNG, J., concur.